```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF SOUTH CAROLINA
                      COLUMBIA DIVISION

United States of America,      )
                               )
              Plaintiff,       )
                               )
         -vs.-                 )    3:15-cr-00009-JFA-1
                               )    January 28, 2016
Gregorio M. Leon,              )    Columbia, SC
                               )
              Defendant.       )
_____)


         BEFORE THE HONORABLE JOSEPH F. ANDERSON, JR.
           UNITED STATES DISTRICT JUDGE, PRESIDING
                         SENTENCING


A P P E A R A N C E S:

For the Government:       JAMES HUNTER MAY, AUSA
                          United States Attorney's Office
                          1441 Main Street, Suite 500
                          Columbia, SC 29201

For the Defendant:        RICHARD A. HARPOOTLIAN, ESQ.
                          Richard A. Harpootlian Law Office
                          1410 Laurel Street
                          Columbia, SC 29201

Court Reporter:           Jennifer H. Williams, RPR
                          United States Court Reporter
                          901 Richland Street
                          Columbia, SC 29201

            STENOTYPE/COMPUTER-AIDED TRANSCRIPTION
                    *** *** *** ***
```

> THE COURT: All right.
>
> MR. MAY: Yes, Your Honor.
>
> THE COURT: Ready when you are.
>
> MR. MAY: Yes, sir. United States of America vs. Greg Leon, 3:15-9. Your Honor, we're here for a sentencing. The Pre-sentence Report has been prepared. The government has reviewed it and there are no objections.
>
> THE COURT: All right. Mr. Harpootlian, good afternoon.
>
> MR. HARPOOTLIAN: Good afternoon, Your Honor. The defendant has reviewed the Pre-sentence Report and has no objections either, Your Honor.
>
> THE COURT: Very good. Mr. Leon, let me speak to you, sir. Have you had enough time to read over the Pre-sentence Report and discuss it carefully with your attorney, Mr. Harpootlian?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: You just heard him tell me that you have no objections to this report; is that correct?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Very good. You can be seated.
>
> DEFENDANT: Thank you.
>
> THE COURT: I will then adopt the report as the Court's findings for purposes of sentencing in this case without objection. That means we're looking at the

following.  Under the statute, this is a misdemeanor carrying a maximum sentence of six months.  There are no guideline provisions to be applied here because pursuant to guideline 1B1.9, the guidelines do not apply to a count of conviction that is a Class B misdemeanor.

So with that, I'll be glad to hear from the government.

MR. MAY:  Your Honor, we respectfully ask you to accept the 11(C)(1)(c) plea that is contained in the plea agreement.  Paragraph 7 states what the negotiations are, which would be one year of probation, a fine of $180,000.  That fine is to be made in three -- is to be paid in three equal installments, May the 1st, 6th and 11th month of probation.

Your Honor, we believe that this is an appropriate sentence.  Mr. Leon came in when there was an allegation that he had paid bribes to former Sheriff Metts.  Mr. Leon not only confirmed those allegations through his testimony, but he was also able to give the government very specific names of the people who he paid Sheriff Metts to release.  He was able to provide additional evidence which confirmed the story and then allowed for the successful prosecution of Mr. Metts.  Your Honor, we believe that this is a fair and just resolution to this case and we'd ask you to accept it.

THE COURT:  All right.  Mr. Harpootlian.

MR. HARPOOTLIAN:  May it please the Court, Your

Honor. We would concur with the government and ask you to accept the negotiations.

    I'd like to point out a couple of things I think that Your Honor needs to be aware of. The first is this. He has already pled guilty in state court to a misdemeanor and received a suspended sentence with 200 hours of community service which he has recently completed.

    Secondly, he is prepared to make the $180,000 payment this week. He has got -- we'd make it today, but it's in the escrow account of Mr. Bland who is in Colorado and won't be back until tomorrow I understand.

    THE COURT: So he's going to pay the whole thing now rather than in three installments.

    MR. HARPOOTLIAN: Pay the whole thing. Yes, sir.

    Third, you know, Mr. Leon is somebody who has worked very hard, had eight restaurants here in the Columbia area. He's got six children, ages 7 to 24. He has participated in every civic aspect of his community, from donating food and money to worthy causes and participating in a number of efforts to raise money for causes.

    So he is somebody who made a huge mistake. No one is understating that. But it was a mistake. Again, he wanted to get these folks out of jail and back to work in his restaurants, and he felt somewhat responsible for them and crossed the line. He knows he broke the law. He's willing

to pay for that, which is a $180,000 fine and probation. Both the government and the defendant believe that's appropriate.

THE COURT: All right. Mr. Leon, you have a right under our rules of procedure to make any statement that you wish. This is your chance to speak. I'll be glad to hear from you.

DEFENDANT: I have no explanations, sir. You know, I made a mistake, and I'm sorry for what I did, you know. And that's basically all I have.

MR. HARPOOTLIAN: Your Honor, I might point out, Mr. Leon is a naturalized citizen. He was born in Mexico. He's been a citizen for twenty ...?

DEFENDANT: Twenty-seven years.

MR. HARPOOTLIAN: Twenty-seven years.

DEFENDANT: Twenty-five.

MR. HARPOOTLIAN: Twenty-five years.

THE COURT: All right. Well, if you remember, I had a little bit of additional hesitancy at the guilty plea stage primarily because illegal immigration is such a huge problem in this country. But I was persuaded by the prosecutor's statement that Mr. Leon's cooperation in the case against the sheriff, the incumbent sheriff, was critical, was very helpful to the government, and that has to count for something.

The fact that he has a clean record, he himself is a naturalized citizen, he cooperated from the very beginning, and he has agreed to pay a very substantial fine to the United States Treasury, and the maximum sentence I could give him would only be six months even if I did require some incarceration; so, for all those reasons, I am persuaded to go along with the agreed-upon sentence under Rule 11(C)(1)(c) of the Rules of Criminal Procedure.

So with that, having considered the facts of this case, the guidelines do not apply; I have, however, considered all of the relevant statutory sentencing factors contained in Section 3553(a) of Title 18. And based upon my review of those factors, and I am mindful of the agreement, the plea agreement, it is the judgment of the Court that the defendant, Gregorio M. Leon, is hereby sentenced to probation for a term of one year. I find the defendant has the ability to pay a fine. Therefore, the defendant shall pay the agreed-upon fine of $180,000. Within ten days?

    MR. HARPOOTLIAN: That would be fine, Your Honor. Not a problem.

    THE COURT: Within ten days. Interest on the fine during this ten days is waived. The defendant shall also pay the mandatory special assessment of $10 [sic] which is due and payable immediately.

While on probation, the defendant shall comply with the

mandatory and standard conditions of supervision outlined in Section 3563(a) and (b) as well as the following.  And that would be it.  No special conditions.

Now, Mr. Leon, you signed a plea agreement containing a waiver of your appeal rights in this case.  Only in very narrow circumstances may a defendant who has waived his appeal rights in this fashion nevertheless pursue an appeal.  You should discuss carefully with Mr. Harpootlian whether you have any grounds for appeal and whether an appeal would be in your best interest or not.

If you wanted to appeal and could not afford an attorney, the court would appoint one for you.  If you wanted to appeal, you would have to file your notice of appeal within 14 days from the day the Judgment Order containing your sentence is filed with the clerk.

Do we have any forfeiture issues in this case?

MR. MAY:  Your Honor, Title 8, United States Code, Section 1324(a) does not support forfeiture.

THE COURT:  Say it again?

MR. MAY:  Title 8, United States Code, Section 1324 little (a) does not support forfeiture.

THE COURT:  There is no forfeiture provision.  All right.  Do we have any remaining counts to be dismissed?

MR. MAY:  No, sir.  He pled guilty to an Information.

> THE COURT: All right. My reasons for imposing this sentence are as follows. I have carefully considered all of the Section 3553(a) factors that are set out in detail in the Pre-sentence Report and incorporated herein by reference; I am obviously also mindful of the agreement reached between the government and the defendant for a specific agreed-upon in advance sentence under the Rules of Criminal Procedure which is provided for, and I have determined that that is an appropriate sentence in light of all the circumstances in this case; particularly, the fact that he was of substantial benefit to the government, that he has otherwise been a good citizen, and he is paying a hefty fine to the taxpayers. Those are my reasons.
>
> MR. MAY: Thank you, Your Honor.
>
> MR. HARPOOTLIAN: Thank you, Your Honor.
>
> DEFENDANT: Thank you.
>
> THE COURT: Thank you. We'll be in recess.
>
> (WHEREUPON, the proceedings are concluded.)
>
> ***
>
> I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.
>
> s/Jennifer H. Williams
>
> _____    November 3, 2019
>
> Jennifer H. Williams, RPR